1 | Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
thomas@setarehlaw.com
3 | SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
4 | Beverly Hills, California 90212
Telephone (310) 888-7771
5 | Facsimile (310) 888-0109

6 | Attorneys for Plaintiff
TERESA ARMSTRONG
7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | TERESA ARMSTRONG, on behalf of herself, all others similarly situated,

Case No. 17-cv-06540-LHK

13 | Plaintiff,

Assigned For All Purposes to the Honorable Lucy H. Koh, Courtroom 8

14

15 | vs.

**CLASS ACTION**

16 | MICHAELS STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

**FIRST AMENDED COMPLAINT**

17 | Defendants.

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);

18 |

2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);

19 |

3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);

20 |

4. Failure to Pay Vacation Wages (Lab. Code § 227.3);

21 |

5. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));

22 |

6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);

23 |

7. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);

24 |

8. Civil Penalties (Lab. Code §§ 2698 *et seq.*)

25 |

**JURY TRIAL DEMANDED**

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1    Plaintiff TERESA ARMSTRONG (referred to as "Plaintiff"), on behalf of herself, all

2  others similarly situated, and the general public, complains and alleges as follows:

3                            **INTRODUCTION**

4         1.    Plaintiff brings this class and representative action against defendant MICHAELS

5  STORES, INC., a Delaware corporation and DOES 1 through 50, inclusive (collectively referred to

6  as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As

7  set forth below, Plaintiff alleges that Defendants

8              (a)  failed to provide him and all other similarly situated individuals with meal

9                   periods

10             (b)  failed to provide them with rest periods;

11             (c)  failed to pay premium wages for missed meal and/or rest periods;

12             (d)  failed to pay them for all hours worked;

13             (e)  failed to provide them with accurate written wage statements;

14             (f)  failed to timely pay them all of their final wages following separation of

15                  employment;

16    Based on these alleged violations, Plaintiff now brings this class action to recover unpaid

17  wages, restitution, and related relief on behalf of herself, all others similarly situated, and the

18  general public.

19                       **JURISDICTION AND VENUE**

20        2.    This Court has supplemental jurisdiction over Plaintiff's and the putative class' state

21  law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to

22  Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same

23  case or controversy under Article III of the United States Constitution.

24        3.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because

25  a substantial part of the events and omissions giving rise to the claims alleged in this complaint

26  occurred in this District.

27                              **PARTIES**

28        4.    Plaintiff TERESA ARMSTRONG ("Plaintiff") is, and at all relevant times

                                    1

1  mentioned herein, an individual residing in the State of California.

2      5.      Plaintiff is informed and believes, and thereupon alleges that Defendant

3  MICHALES STORES, INC. ("MICHAELS STORES")  is, and at all relevant times mentioned

4  herein, a Delaware corporation doing business in the State of California.

5      6.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of

6  participation in the conduct alleged herein, of the defendants sued as DOES 1 to 50, inclusive, but

7  is informed and believes that said defendants are legally responsible for the conduct alleged herein

8  and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to

9  allege both the true names and capacities of the DOE defendants when ascertained.

10     7.      Plaintiff is informed and believes that each defendant acted in all respects pertinent

11 to this action as the agent of the other defendants, carried out a joint scheme, business plan or

12 policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to

13 each of the other defendants.

## CLASS ALLEGATIONS

15     8.      This action has been brought and may be maintained as a class action pursuant to

16 Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among

17 the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

18 unaware of any difficulties likely to be encountered in managing this case as a class action.

19     9.      **Relevant Time Period**: The relevant time period is defined as the time period

20 beginning four years prior to the filing of this action until judgment is entered.

21     10.     The class and sub-class members are defined as follows:

22 **Michaels Stores Class**:  All persons employed by Defendants and/or any staffing
   agencies and/or any other third parties who worked in hourly or non-exempt
23 positions in California during the **Relevant Time Period**.

24      **Michaels Stores Meal Period Sub-Class**:  All **Michaels Stores Class**
        members who worked a shift in excess of five hours during the **Relevant
25      Time Period**.

26      **Michaels Stores Manager Meal Period Sub-Class**:  All **Michaels Stores
        Class** members who were hourly or non-exempt managers and worked a shift
27      in excess of five hours during the **Relevant Time Period**.

28      **Michaels Stores Rest Period Sub-Class**:  All **Michaels Stores Class**

FIRST AMENDED CLASS ACTION COMPLAINT

1    members who worked a shift of at least three and one-half (3.5) hours during
2    the **Relevant Time Period**.

3    **Michaels Stores Reporting Time Pay Sub-Class**:  All **Michaels Stores Class** members who reported to work but were not furnished with at least half of their scheduled shift hours during the **Relevant Time Period**.
4

5    **Michaels Stores Vacation Pay Sub-Class**: All **Michaels Stores Class** members who earned paid vacation days, including but not limited to "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.
6

7    **Michaels Stores Wage Statement Penalties Sub-Class**:  All **Michaels Stores Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.
8

9    **Michaels Stores Waiting Time Penalties Sub-Class**:  All **Michaels Stores Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.
10

11

12    **UCL Class**:  All **Michaels Stores Class** members employed by Defendants in California during the **Relevant Time Period**.
13

14    11.    **Reservation of Rights:**  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

15    right to amend or modify the class definitions with greater specificity, by further division into sub0-

16    classes, and/or by limitation to particular issues.

17    12.    **Numerosity:**  The class members are so numerous that the individual joinder of each

18    individual class member is impractical. While Plaintiff does not currently know the exact number of

19    class members, Plaintiff is informed and believes that the actual number exceeds the minimum

20    required for numerosity under California law.

21    13.    **Commonality and Predominance:**  Common questions of law and fact exist as to

22    all class members and predominate over any questions which affect only individual class members.

23    These common questions include, but are not limited to:

24         A.    Whether Defendants maintained a policy or practice of failing to provide
25             employees with their meal periods;

26         B.    Whether Defendants maintained a policy or practice of failing to provide
27             employees with their rest periods;

28         C.    Whether Defendants failed to pay premium wages to class members when

FIRST AMENDED CLASS ACTION COMPLAINT

1          they have not been provided with required meal and/or rest periods;

2       D.    Whether Defendants have failed to provide for proportionate accruals for

3            vested vacation time for class members as required by California law?

4       E.    Have Defendants subjected the "vacation time" and/or "floating holidays"

5            they offer to class members to forfeiture?

6       F.    Whether Defendants failed to provide class members with accurate written

7            wage statements as a result of providing them with written wage statements

8            with inaccurate entries for, among other things, amounts of gross and net

9            wages, and total hours worked;

10      G.    Whether Defendants applied policies or practices that result in late and/or

11           incomplete final wage payments;

12      H.    Whether Defendants are liable to class members for waiting time penalties

13           under Labor Code section 203;

14      I.    Whether class members are entitled to restitution of money or property that

15           Defendants may have acquired from them through unfair competition.

16      14.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

17 Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of

18 failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

19      15.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

20 that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

21 members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

22 and adequately represent and protect the interests of the other class members.

23      16.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

24 they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

25 wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

26 behalf of Plaintiff and absent class members.

27      17.    **Superiority:**  A class action is vastly superior to other available means for fair and

28 efficient adjudication of the class members' claims and would be beneficial to the parties and the

1  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

2  and efficiently prosecute their common claims in a single forum without the unnecessary

3  duplication of effort and expense that numerous individual actions would entail.  In addition, the

4  monetary amounts due to many individual class members are likely to be relatively small and would

5  thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

6  Moreover, a class action will serve an important public interest by permitting class members to

7  effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the

8  potential for inconsistent or contradictory judgments inherent in individual litigation.

9  **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10  18.    Plaintiff was hired by Defendants on or about June 2012 as an hourly, non-exempt

11  employee who worked in California.  Plaintiff was terminated on or about June 23, 2017.

12  **Off the Clock Work**

13  19.    Plaintiff and the putative class were not paid all wages earned as Defendants

14  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

15  work.

16  20.    Plaintiff and the putative class regularly started work at their scheduled time but

17  were unable to clock in due to other duties they were required to perform.  For example, Plaintiff

18  was required to open the store, disarm the alarm, let employees in, before she could clock in.

19  21.    As a result of performing off-the-clock work that was directed, permitted or

20  otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

21  time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were

22  clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent

23  working off-the-clock before they were able to clock in.

24  22.    Defendants knew or should have known that Plaintiff and the putative class were

25  performing work before and after their scheduled work shifts and failed to pay Plaintiff and the

26  putative class for these hours.

27  23.    Defendants were aware of this practice and directed, permitted or otherwise

28  encouraged Plaintiff and the putative class to perform off-the-clock work.

24.    As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

### Missed Meal Periods

25.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

26.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### Missed Rest Periods

27.    Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

28.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

///

### Reporting Time Pay

29.     Plaintiff and the putative class were not notified of changes to their work schedules in a timely manner due to Defendants' policy of make last minute changes to the staffing schedule that were not posted in a conspicuous and easily accessible manner available to all employees.

30.     As a result of Defendants' policy of changing employees' schedule without timely notification, Plaintiff and the putative class have reported to work and were not provided with at least half of their scheduled work hours before they were sent home without the payment of any additional compensation.  Accordingly, Defendants' policy did not afford employees and reasonable opportunity to learn of their work schedule beforehand as well as any changes and modifications by management.

31.     Based on the above, Defendants policy did not comply with Section 5 of the applicable Industrial Welfare Commission Wage Order by paying Plaintiff and the putative class for half of their scheduled work hours, but in no event for less than two hours nor more than four hours at the employees' regular rate of pay, which shall not be less than the minimum wage.

### Vacation Pay

32.     Vacation wages are considered a form of wages under Labor Code section 200. Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

33.     At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774 (1982).

34.     Plaintiff and the putative class were entitled to vacation accrual during their employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out all accrued vacation pay.

### Inaccurate Wage Statements

35.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to  Labor Code section 226.

7

36.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

    A.     Any applicable meal and rest break premiums were not included;

    B.     Hourly and overtime wages for off-the-clock work were not included;

    C.     Regular rate of pay was not properly calculated.

37.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

    A.     Hourly and overtime wages for off-the-clock work were not included;

38.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

    A.     Any applicable meal and rest break premiums were not included;

    B.     Hourly and overtime wages for off-the-clock work were not included;

39.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

    A.     Hourly and overtime wages for off-the-clock work were not included;

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (By Plaintiff, Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class)

40.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

41.     At all relevant times, Plaintiff and the **Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Industrial Welfare Commission Wage Order 5-2001 ("Wage Order").

42.     Labor Code section 512 and section 11 of the applicable Wage Order impose an

FIRST AMENDED CLASS ACTION COMPLAINT

1  affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-
2  free, meal periods of at least thirty minutes for each work period of five hours, and to provide them
3  with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of
4  ten hours.

5      43.    Labor Code section 226.7 and section 11 of the the applicable Wage Order  both
6  prohibit employers from requiring employees to work during required meal periods and require
7  employers to pay non-exempt employees an hour of premium wages on each workday that the
8  employee is not provided with the required meal period.

9      44.    Compensation for missed meal periods constitutes wages within the meaning of the
10  Labor Code section 200.

11     45.    Labor Code section 1198 makes it unlawful to employ a person under conditions
12  that violate the Wage Order.

13     46.    Section 11 of the applicable Wage Order states:

14  "No employer shall employ any person for a work period of more than five (5) hours
    without a meal period of not less than 30 minutes, except that when a work period of not
15  more than six (6) hours will complete the day's work the meal period may be waived by
    mutual consent of the employer and employee.  Unless the employee is relieved of all duty
16  during a 30 minute meal period, the meal period shall be considered an "on duty" meal
    period and counted as time worked.  An "on duty" meal period shall be permitted only
17  when the nature of the work prevents an employee from being relieved of all duty and when
    by written agreement between the parties an on-the-job paid meal period is agreed to.  The
18  written agreement shall state that the employee may, in writing, revoke the agreement at
    any time."  8 Cal. Code Regs. § 11040(11).
19

20     47.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period
21  agreement.  Plaintiff is informed and believes that, at all relevant times, **Michaels Stores Meal**
22  **Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members were not
23  subject to valid on-duty meal period agreements with Defendants.

24     48.    Plaintiff alleges that, at relevant times during the applicable limitations period,
25  Defendants maintained a policy or practice of not providing Plaintiff and members of the **Michaels**
26  **Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** with
27  uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as
28  required by Labor Code section 512 and the applicable Wage Order.

49.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

50.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code section 512 and the applicable Wage Order.

51.     Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

52.     At all relevant times, Defendants failed to pay Plaintiff and **Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

53.     Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and the **Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

54.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Michaels Stores Meal Break Sub-Class and Michaels Stores Manager Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(By Plaintiff and Michaels Stores Rest Break Sub-Class)**

5     55.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

6  herein.

7     56.     At all relevant times, Plaintiff and **Michaels Stores Rest Break Sub-Class**

8  **m**embers have been non-exempt employees of Defendants entitled to the full rest period

9  protections of both the Labor Code and the applicable Wage Order.

10     57.     Section 12 of the applicable Wage Order imposes an affirmative obligation on

11  employers to permit and authorize employees to take required rest periods at a rate of no less than

12  ten minutes of net rest time for each four hour work period, or major portion thereof, that must be

13  in the middle of each work period insofar as is practicable.

14     58.     Labor Code section 226.7 and section 12 of the applicable Wage Order both

15  prohibit employers from requiring employees to work during required rest periods and require

16  employers to pay non-exempt employees an hour of premium wages at the employees regular rate

17  of pay, on each workday that the employee is not provided with the required rest period(s).

18     59.     Compensation for missed rest periods constitutes wages within the meaning of the

19  Labor Code section 200.

20     60.     Labor Code section 1198 makes it unlawful to employ a person under conditions

21  that violate the Wage Order.

22     61.     Plaintiff alleges that at relevant times during the applicable limitations period,

23  Defendants maintained a policy or practice of not providing members of the **Michaels Stores Rest**

24  **Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour

25  work period, or major portion thereof, as required by the Wage Order.

26     62.     At all relevant times, Defendants failed to pay Plaintiff and other **Michaels Stores**

27  **Rest Break Sub-Class** members additional premium wages when required rest periods were not

28  provided.

63. Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

64. Plaintiff and the **Michaels Stores Rest Break Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

65. As a result of Defendants' policy, Plaintiff and the **Michaels Stores Rest Break Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and **Michaels Stores Rest Break Sub-Class** to work through their rest periods in order to complete their assignments on time.

66. Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Michaels Stores Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

67. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Michaels Stores Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (By Plaintiff, Michaels Stores Class and Michaels Stores Reporting Time Pay Sub-Class)

68. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

69. At all relevant times, Plaintiff and **Michaels Stores Class and Michaels Stores**

**Reporting Time Pay Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Orders.

70.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

71.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

72.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

73.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

74.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

75.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

76.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

77.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

78.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

79.     Labor Code section 510 and section 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

80.     Labor Code section 510 and section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

81.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Michaels Stores Class and Michaels Stores Reporting Time Pay Sub-Class** members with respect to working conditions and compensation arrangements.

82.     During the relevant time period, Defendants failed to pay Plaintiff and **Michaels Stores Class and Michaels Stores Reporting Time Pay Sub-Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Michaels Stores Class and Michaels Stores Reporting Time Pay Sub-Class** members to perform off-the-clock work.

83.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

84.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of herself and **Michaels Stores Class and Michaels Stores Reporting Time Pay Sub-Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

85.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of paying **Michaels Stores Class and Michaels**

14

**Stores Reporting Time Pay Sub-Class** members premium wages based on rates of compensation that have not reflected commissions and/or non-discretionary bonuses as required by Labor Code § 226.7(b) and Sections 11 and 12 of the Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

86.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Michaels Stores Class and Michaels Stores Reporting Time Pay Sub-Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY VACATION PAY

### (Lab. Code § 227.3)

### (By Plaintiff and Vacation Pay Sub-Class)

87.     Labor Code section 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

88.     Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982) and Labor Code section 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

89.     At all relevant times, Defendants have subjected the vested vacation time and of both Plaintiff and the **Michaels Stores Vacation Pay Sub-Class** members to unpaid forfeiture.

90.     *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774 (1982) holds that a proportionate right to vacation pay vests on a pro-rata basis as the employees renders labor.

91.     Plaintiff is informed and believes and thereupon alleges that, at all relevant times and in violation of Labor Code section 227.3, Defendants have maintained an vacation pay policy that does not comply with *Suastez* and the Labor Code.

92.     Accordingly, Plaintiff and the **Michaels Stores Vacation Pay Sub-Class** members seeks to recover unpaid vacation wages owed to them.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Michaels Stores Wage Statement Penalties Sub-Class)

93.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

94.    Labor Code § 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

95.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Michaels Stores Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

96.    Plaintiff is informed and believes that Defendants' failures to provide him and **Michaels Stores Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants

1 | have known to not comply with Labor Code 226(a).

2 |      97.    Plaintiff and **Michaels Stores Wage Statement Penalties Sub-Class** members have

3 | suffered injuries, in that Defendants have violated their legal rights to receive accurate wage

4 | statements and have misled them about their actual rates of pay and wages earned.  In addition,

5 | inaccurate information on their wage statements has prevented immediate challenges to Defendants'

6 | unlawful pay practices, has required discovery and mathematical computations to determine the

7 | amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay

8 | records, and/or has led to the submission of inaccurate information about wages and deductions to

9 | state and federal government agencies.

10 |      98.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and

11 | **Michaels Stores Wage Statement Penalties Sub-Class** members, seeks the greater of actual

12 | damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred,

13 | and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred,

14 | not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable

15 | costs and attorneys' fees.

16 | **SIXTH CAUSE OF ACTION**

17 | **FAILURE TO TIMELY PAY ALL FINAL WAGES**

18 | **(Lab. Code §§ 201-203)**

19 | **(Plaintiff and Michaels Stores Waiting Time Penalties Sub-Class)**

20 |      99.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21 | herein.

22 |      100.    At all relevant times, Plaintiff and **Michaels Stores Waiting Time Penalties Sub-**

23 | **Class** members have been entitled, upon the end of their employment with Defendants, to timely

24 | payment of all wages earned and unpaid before termination or resignation.

25 |      101.    At all relevant times, pursuant to Labor Code section 201, employees who have been

26 | discharged have been entitled to payment of all final wages immediately upon termination.

27 |      102.    At all relevant times, pursuant to Labor Code section 202, employees who have

28 | resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to

1    payment of all final wages at the time of resignation.

2        103.    At all relevant times, pursuant to Labor Code section 202, employees who have

3    resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to

4    payment of all final wages within seventy-two (72) hours of giving notice of resignation.

5        104.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his

6    final wages in accordance with Labor Code section 201 by failing to timely pay him all of his final

7    wages.

8        105.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to

9    timely pay **Michaels Stores Waiting Time Penalties Sub-Class** members all of their final wages

10   in accordance with Labor Code sections 201 or 202.

11       106.    Plaintiff is informed and believes that, at all relevant times, Defendants have

12   maintained a policy or practice of paying **Michaels Stores Waiting Time Penalties Sub-Class**

13   members their final wages without regard to the requirements of Labor Code sections 201 and 202

14   by failing to timely pay them all final wages.

15       107.    Plaintiff is informed and believes that Defendants' failures to timely pay all final

16   wages to him and **Michaels Stores Waiting Time Penalties Sub-Class** members have been willful

17   in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201

18   and 202 but have intentionally adopted policies or practice that are incompatible with those

19   requirements.

20       108.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and

21   **Michaels Stores Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from

22   the dates that their final wages have first become due until paid, up to a maximum of 30 days, and

23   interest thereon.

24       109.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine,

25   and/or the common fund doctrine, Plaintiff, on behalf of herself and **Michaels Stores Waiting**

26   **Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

27   ///

28   ///

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

110.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

111.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

112.    Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

113.    California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

114.    Plaintiff and the **UCL Class** re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

115.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

116.    Defendants have, or may have, acquired money by means of unfair competition.

117.    Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

118.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

119.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the applicable Wage Order.

120.    As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

121.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

122.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*.  Business and Professions Code section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

123.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

124.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

125.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

126.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

127.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq*.)

128.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

129.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

130.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

131.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

132.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

133.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

      A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194 and 1198, $100 for each employee per pay period for each initial violation

1    and $200 for each employee per pay period for each subsequent violation

2    (penalties set by Labor Code section 2699(f)(2));

3    B.    For violations of Labor Code section 203, a penalty in an amount not

4    exceeding thirty days pay as waiting time (penalties set by Labor Code

5    section 256);

6    C.    For violations of Labor Code section 204, $100 for each employee for each

7    initial violation that was neither willful nor intentional, $200 for each

8    employee, plus 25% of the amount unlawfully withheld from each employee,

9    for each initial violation that was either willful or intentional, and $200 for

10    each employee, plus 25% of the amount unlawfully withheld from each

11    employee, for each subsequent violation, regardless of whether the

12    subsequent violation was either willful or intentional (penalties set by Labor

13    Code section 210);

14    D.    For violations of Labor Code section 223, $100 for each employee for each

15    initial violation that was neither willful nor intentional, $200 for each

16    employee, plus 25% of the amount unlawfully withheld from each employee,

17    for each initial violation that was either willful or intentional, and $200 for

18    each employee, plus 25% of the amount unlawfully withheld from each

19    employee, for each subsequent violation, regardless of whether the

20    subsequent violation was either willful or intentional (penalties set by Labor

21    Code section 225.5);

22    E.    For violations of Labor Code section 226(a), if this action is deemed to be an

23    initial citation, $250 for each employee for each violation.  Alternatively, if

24    an initial citation or its equivalent occurred before the filing of this action,

25    $1,000 for each employee for each violation (penalties set by Labor Code

26    section 226.3);

27    F.    For violation of Labor Code sections 510 and 512, $50 for each employee for

28    each initial pay period for which the employee was underpaid, and $100 for

22

FIRST AMENDED CLASS ACTION COMPLAINT

1  each employee for each subsequent pay period for which the employee was

2  underpaid (penalties set by Labor Code section 558);

3      G.    For violations of Labor Code section 1197, $100 for each aggrieved

4  employee for each initial violation of Labor Code section 1197 that was

5  intentional, and $250 for each aggrieved employee per pay period for each

6  subsequent violation of Labor Code section 1197, regardless of whether the

7  initial violation was intentional (penalties set by Labor Code section 1197.1);

8      H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

9  attorneys' fees and costs in connection with her claims for civil penalties.

10  **PRAYER FOR RELIEF**

11  WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general

12  public, prays for relief and judgment against Defendants as follows:

13  A.  An order that the action be certified as a class action;

14  B.  An order that Plaintiff be appointed class representative;

15  C.  An order that counsel for Plaintiff be appointed class counsel;

16  D.  Unpaid Wages;

17  E.  Actual Damages;

18  F.  Liquidated Damages;

19  G.  Restitution;

20  H.  Declaratory relief;

21  I.  Pre-judgment interest;

22  J.  Statutory penalties;

23  K.  Civil penalties;

24  L.  Costs of suit;

25  M.  Reasonable attorneys' fees; and

26  N.  Such other relief as the Court deems just and proper.

27  ///

28  ///

23
FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff, on behalf of herself, all others similarly situated, and the general public, hereby

3     demands a jury trial on all issues so triable.

4

5     Dated:  December 14, 2017                    SETAREH LAW GROUP

6

7

8                                                 SHAUN SETAREH
                                                  Attorneys for Plaintiff
9                                                 TERESA ARMSTRONG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT