**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
JONATHAN S. CHRISTIE (SBN 294446)
STEPHANIE P. PRIEL (SBN 313085)
gknopp@akingump.com
christiej@akingump.com
spriel@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:    310.229.1000
Facsimile:    310.229.1001

Attorneys for Defendant
Michaels Stores, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA ARMSTRONG, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  5:17-cv-06540-LHK (VKD)<br><br>[Assigned to the Hon. Lucy H. Koh]<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY CIVIL PROCEEDINGS**<br><br>Date:    January 24, 2019<br>Time:    1:30 p.m.<br>Ctrm:    8, Fourth Floor<br><br>Date Action Filed: October 10, 2017<br>Date of Removal:  November 10, 2017 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

   A. An Arbitrator Should Decide Armstrong's Arguments. ..............................2

   B. Armstrong's Arguments Should Be Rejected. .............................................4

      1. Armstrong Cannot Prove Waiver. .....................................................4

         a. Armstrong Cannot Prove The Requisite "Inconsistent Acts." ........................................................4

         b. Armstrong Has Not Shown Prejudice. ..................................9

      2. Armstrong Cannot Prove "Forfeiture." ............................................11

III. CONCLUSION ....................................................................................................13

i

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY CIVIL PROCEEDINGS        5:17-cv-06540-LHK (VKD)

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Blau v. AT&T Mobility*,
  2012 WL 566565 (N.D. Cal. Feb. 21, 2012) ................................................................. 5, 8

*Brown v. Dillard's, Inc.*,
  430 F.3d 1004 (9th Cir. 2005) ............................................................................................ 10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) ......................................................................................... 1, 12

*CompuCredit Corp. v. Greenwood*,
  565 U.S. 95 (2012) ................................................................................................................ 1

*Cox v. Ocean View Hotel Corp.*,
  533 F.3d 1114 (9th Cir. 2008) .............................................................................................. 5

*Dominguez v. T-Mobile USA, Inc.*,
  2017 WL 8220598 (C.D. Cal. Jan. 18, 2017) ....................................................................... 8

*Fisher v. A.G. Becker Paribas Inc.*,
  791 F.2d 691 (9th Cir. 1986) ............................................................................................ 6, 8

*Gloster v. Sonic Auto., Inc.*,
  226 Cal. App. 4th 438 (2014) ............................................................................................... 8

*Gonsalves v. Infosys Techs., Ltd.*,
  2010 WL 3118861 (N.D. Cal. Aug. 5, 2010) ....................................................................... 5

*Guerrero v. Haliburton Energy Servs. Inc.*,
  2018 WL 3615840 (E.D. Cal. July 26, 2018) .............................................................. 6, 8, 10

*Halim v. Great Gatsby's Auction Gallery, Inc.*,
  516 F.3d 557 (7th Cir. 2008) ................................................................................................ 5

*Hong v. CJ CGV Am. Holdings, Inc.*,
  222 Cal. App. 4th 240 (2013) ............................................................................................... 3

*Hoover v. American Income Life Ins. Co.*,
  206 Cal. App. 4th 1193 (2012) ....................................................................................... 5, 10

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002) ................................................................................................................ 3

*Irwin v. UBS Painwebber, Inc.*,
  324 F. Supp. 2d 1103 (C.D. Cal. 2004) ................................................................................ 7

ii

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS
ALLEGATIONS, AND STAY CIVIL PROCEEDINGS    5:17-cv-06540-LHK (VKD)

*Jordan v. Friedman*,
    72 Cal. App. 2d 726 (1946) ............................................................................................... 11

*Kingsbury v. U.S. Greenfiber, LLC*,
    2012 WL 2775022 (C.D. Cal. June 29, 2012) ............................................................... 4, 5

*Lake Commc'ns, Inc. v. ICC Corp.*,
    738 F.2d 1473 (9th Cir. 1984), *overruled on other grounds by Mitsubishi Motors
    Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ............................................. 9

*Martin v. Yasuda*,
    829 F.3d 1118 (9th Cir. 2016) ..................................................................................*passim*

*Mohamed v. Uber Techs, Inc.*,
    848 F.3d 1201 (9th Cir. 2016) .......................................................................................... 2

*Momot v. Mastro*,
    652 F.3d 982 (9th Cir. 2011) ............................................................................................ 3

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) .............................................................................................................. 4

*Ontiveros v. Zamora*,
    2013 WL 593403 (E.D. Cal. Feb. 14, 2013) ..................................................................... 6

*Palmer v. Omni Hotel Mgmt. Corp.*,
    2016 WL 816017 (S.D. Cal. Mar. 1, 2016) ...................................................................... 8

*Platt Pacific, Inc. v. Andelson*,
    6 Cal. 4th 307 (1993) ...................................................................................................... 11

*Quevedo v. Macy's, Inc.*,
    798 F. Supp. 2d 1122 (C.D. Cal. 2011) .......................................................................... 10

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (2010) ........................................................................................................ 2, 3

*Reynoso v. Bayside Mgmt. Co., LLC*,
    2013 WL 6173765 (N.D. Cal. Nov. 25, 2013) .................................................................. 5

*Richards v. Ernst & Young, LLP*,
    744 F.3d 1072 (9th Cir. 2013) ........................................................................................ 10

*In re TFT-LCD (Flat Panel) (Antitrust Litigation)*,
    2011 WL 2650689 (N.D. Cal. July 6, 2011) .................................................................. 10

*Tompkins v. 23 and Me, Inc.*,
    2014 WL 2903752 (N.D. Cal. June 25, 2014) .................................................................. 3

*Van Ness Townhouses v. Mar. Inds. Corp.*,
    862 F.2d 754 (9th Cir. 1988) .................................................................................................. 4

*Wolf v. Walt Disney Pictures & Television*,
    162 Cal. App. 4th 1107 (2008) ............................................................................................ 12

**Other Authorities**

American Arbitration Association,
    "Employment: Arbitration Rules and Mediation Procedures,"
    (Nov. 1, 2009), https://www.adr.org/sites/default/files/Employment%20Rules.pdf; ......................... 6

iv

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS
ALLEGATIONS, AND STAY CIVIL PROCEEDINGS      5:17-cv-06540-LHK (VKD)

## I. INTRODUCTION

Plaintiff Teresa Armstrong does not dispute that she agreed to arbitrate any claims against defendant Michaels Stores, Inc. on an individual (not class) basis. Nor does she dispute that all of the claims in this lawsuit—except for her claim under the Private Attorneys General Act ("PAGA")—fall squarely within the scope of her agreement. Unable to dispute the agreement's validity or scope, Armstrong cannot evade the "strong federal policy favoring arbitration," *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1128 (9th Cir. 2000), which "requires courts to enforce agreements to arbitrate according to their terms," *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98, 669 (2012). Neither of her arguments survives scrutiny.

First, Armstrong cannot satisfy the "heavy burden" required to prove a waiver of the right to arbitrate. She cannot prove, for example, that Michaels has taken action inconsistent with its right to enforce the arbitration agreement. On the contrary, it has consistently maintained its right since the outset of the case, has not sought any rulings on the arbitrable claims, and has limited its discovery to that which would be equally available in arbitration. Nor has Armstrong demonstrated, as she must, any cognizable prejudice as a result of the timing of this motion. The only prejudice that she alleges—responding to minimal discovery that would be proper in arbitration as well—is plainly insufficient. For each of these reasons, Armstrong cannot overcome the "heavy burden" of proving waiver.

Second, Armstrong is mistaken in arguing that Michaels "forfeited" its right to arbitrate by not sending a written notice to initiate an arbitration proceeding. The agreement provides that the party who wishes to assert a claim (i.e., Armstrong) should promptly demand arbitration. It does not require the *respondent* (i.e., Michaels) to initiate the process. Indeed, for Michaels to "demand" arbitration of the claims that Armstrong already is pursuing in Court would be futile. Once Armstrong commenced this action, Michaels only recourse was to move the Court to compel arbitration. Michaels did not "forfeit" its rights by doing exactly what the law requires.

In short, because Armstrong entered into a valid agreement requiring that she arbitrate her claims, and because she has no cogent basis for asking the Court to refrain from enforcing her agreement, Michaels motion should be granted.

## II. ARGUMENT

### A. An Arbitrator Should Decide Armstrong's Arguments.

Armstrong acknowledges that questions about whether parties have submitted a dispute to arbitration must be decided by an arbitrator, not the Court, if the agreement so states. *See* Opp. at 3 (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1122-23 (9th Cir. 2016) (waiver argument is for court determination "unless the parties clearly and unmistakably provide otherwise")); *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 79-80 (2010) (enforcing agreement delegating questions of arbitrability to arbitrator). However, as for her waiver argument—but not her forfeiture argument—she contends that the agreement's delegation clause is not sufficiently clear. She is mistaken.

Under the Agreement, the parties clearly and unmistakably gave the arbitrator authority to decide whether the agreement is enforceable:

> Unless otherwise stated in this Agreement, *the Arbitrator, and not any federal, state, or local court or agency, will have exclusive authority to resolve disputes relating to the interpretation, applicability, enforceability or formation of this Agreement* including, but not limited to, any claim that all or any part of this Agreement is void or voidable and pertaining to any *waiver*.

Keller Decl. ¶ 11, Ex. D at 19 (emphasis added).

This language is nearly identical to the delegation clause in *Rent-A-Center*, the seminal case on this subject. There, like here, the agreement provided that "the Arbitrator shall have exclusive authority to resolve any dispute relating to the enforceability of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable." *Rent-A-Center*, 561 U.S. at 68 (alterations omitted). Ninth Circuit courts have held that similar clauses clearly and unmistakably delegate the question of arbitrability to the arbitrator. *E.g.*, *Mohamed v. Uber Techs, Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (clause delegating the authority to decide

2

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS
ALLEGATIONS, AND STAY CIVIL PROCEEDINGS     5:17-cv-06540-LHK (VKD)

1 issues relating to "enforceability, revocability or validity" of the agreement was clear and unmistakable); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (enforcing delegation clause that gave arbitrator authority to determine "the validity or application" of the arbitration provision); *see also Tompkins v. 23 and Me, Inc.,* 2014 WL 2903752, at *7-8 (N.D. Cal. June 25, 2014) (noting that, if defendant "wanted to avoid any doubt about delegation," it should have copied the provision in *Rent-A-Center*).

Armstrong's response is misplaced. She contends that the very end of the delegation clause, "pertaining to any waiver," is confusing because it is preceded by "and" instead of "or" and because the term "wavier" is ambiguous. Opp. at 4. But this clause cannot be reasonably understood to mean anything other than the arbitrator must decide issues "pertaining to waiver." Therefore, it is clear and unmistakable evidence of delegation. Moreover, Armstrong ignores the fact that the delegation provision separately reserves questions of "*enforceability*" to the arbitrator. Armstrong cannot dispute that this portion of the clause is crystal clear and squarely encompasses her waiver argument. Therefore, whatever she argues about a different portion of the delegation clause—which merely provides *examples* of enforceability issues that are reserved for the arbitrator—is irrelevant. Because the agreement clearly delegates to the arbitrator the authority to decide challenges to its enforceability, the arbitrator—not the Court—must decide Armstrong's waiver argument.

At the very least, however, the arbitrator must decide Armstrong's "forfeiture" argument. Armstrong does not even mention her forfeiture argument in challenging the delegation clause, presumably because arguments about an arbitration agreement's time limits are presumptively reserved for the arbitrator. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[P]rocedural questions . . . are presumptively *not* for the judge, but for an arbitrator to decide.); *Hong v. CJ CGV Am. Holdings, Inc.*, 222 Cal. App. 4th 240, 254 (2013) (quoting *Id.* at 84-85) ("issues of procedural arbitrability, i.e., whether prerequisites such as time limits . . . to an obligation to arbitrate have been met, are for the arbitrator to decide"). Here, this presumption is

reinforced by express contractual language: "The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration." Keller Decl. ¶ 11, Ex. D at 19. At a minimum, therefore, an arbitrator must decide the forfeiture issue.

**B.     Armstrong's Arguments Should Be Rejected.**

If the Court decides that it, and not an arbitrator, must resolve Armstrong's challenges to the agreement's enforceability, it should reject them.

1.     <u>Armstrong Cannot Prove Waiver.</u>

To prove waiver, a party must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (citation omitted). "[W]aiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a *heavy burden of proof*." *Van Ness Townhouses v. Mar. Inds. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988) (internal quotations omitted) (emphasis added); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Armstrong cannot meet this "heavy burden" for two distinct reasons.

a.     <u>Armstrong Cannot Prove The Requisite "Inconsistent Acts."</u>

A party does not act inconsistently with its right to compel arbitration unless it makes a "conscious decision" to "actively litigate [its] case to take advantage of being in federal court," such as by seeking judicial judgment on the merits of arbitrable claims and discovery that would be unavailable in arbitration. *Martin*, 829 F.3d at 1125; *see also Van Ness*, 862 F.2d at 759 (9th Cir. 1989); *Kingsbury v. U.S. Greenfiber, LLC*, 2012 WL 2775022, at *5 (C.D. Cal. June 29, 2012).

Far from making a "conscious decision" to litigate in court, Michaels has been transparent about its interest in enforcing the arbitration agreement since the outset of

4

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS
ALLEGATIONS, AND STAY CIVIL PROCEEDINGS     5:17-cv-06540-LHK (VKD)

the case, noting its defense in its answers and in case management pleadings.  *See* Mot. at 9.  Michaels cannot be accused of trying to "take advantage" of the judicial forum when it explicitly (and repeatedly) preserved its right to seek arbitration.  *See Blau v. AT&T Mobility*, 2012 WL 566565, at *2 (N.D. Cal. Feb. 21, 2012) (defendants did not act inconsistently with arbitration rights where they were "clear from the outset that they might move to compel arbitration"); *compare Martin*, 829 F.3d at 1125 (party acted inconsistently with arbitration rights due to "extended silence and delay in moving for arbitration"); *Kingsbury*, 2012 WL 2775022, at *5 (party acted inconsistently with arbitration rights where it previously argued that court should retain jurisdiction).

Nevertheless, Armstrong claims that Michaels acted inconsistently with its rights under the arbitration agreement by removing this case to federal court, rather than moving to compel arbitration in state court.  *See* Opp. at 5, 7.  But a party "does not waive its arbitration rights merely by seeking to change judicial venue of an action prior to requesting arbitration."  *Gonsalves v. Infosys Techs., Ltd.*, 2010 WL 3118861, at *3 n.2 (N.D. Cal. Aug. 5, 2010) (quoting *St. Agnes Med. Ctr. v. PacifiCare*, 31 Cal. 4th 1187, 1205 (2003)); *see also Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1125-26 (9th Cir. 2008) (no waiver because party seeking arbitration did not invoke "the litigation machinery" when it removed case before moving to compel arbitration); *Reynoso v. Bayside Mgmt. Co., LLC*, 2013 WL 6173765 at *6 (N.D. Cal. Nov. 25, 2013) ("simply removing the case to federal court" did not support finding of waiver); *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) ("[R]emoval alone d[oes] not amount to implicit waiver of [a party's] right to arbitrate").[1]

---

[1] The only authority that Armstrong cites in support of her position, *Hoover v. American Income Life Ins. Co.*, is a state court decision that is entirely consistent with the federal authority that proves Michaels point: "[A] defendant's removal of a case filed in state court to federal court does not by itself constitute an implicit waiver of the right to compel arbitration."  206 Cal. App. 4th 1193, 1204 (2012).  The *Hoover* court also noted that removal "coupled with participation in several months of litigation" can constitute waiver *if the party opposing arbitration was prejudiced by the litigation*.  *Id.* at 1204-05 ("The presence or absence of prejudice from the litigation is a determinative issue.").  As discussed below, Armstrong cannot show prejudice.

Nor can Armstrong identify any post-removal conduct by Michaels that reflects a "conscious decision" to "actively litigate [its] case to take advantage of being in federal court." *Martin*, 829 F.3d at 1125. Notably, Michaels has not asked the Court to decide the merits of any of the arbitrable claims. *See id.* ("seeking a decision on the merits of an issue may satisfy [the inconsistent acts] element"); *Guerrero v. Haliburton Energy Servs. Inc.*, 2018 WL 3615840, at *4 (E.D. Cal. July 26, 2018) (fact that "the Court has not reached the merits of the case in its rulings to date" suggests no waiver occurred); *Ontiveros v. Zamora*, 2013 WL 593403, at *10 (E.D. Cal. Feb. 14, 2013) ("Waiver does not occur by mere participation in litigation; there must be judicial litigation of the merits of arbitrable issues.") (quoting *St. Agnes Med. Ctr.*, 31 Cal. 4th at 1203).

Michaels also has not sought any discovery that would have been unavailable had it moved to compel arbitration at the outset of the case. Armstrong asserts a PAGA claim (which is not arbitrable) based on the same alleged Labor Code violations that support her arbitrable claims. Because the PAGA claim necessarily will be litigated in court, serving discovery related to that claim obviously is not inconsistent with the right to arbitrate. *E.g.*, *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986) (serving discovery regarding non-arbitrable claims does not support finding of waiver). All of the discovery that Michaels has served—one set of requests for production, one set of interrogatories, and a deposition notice—is relevant to the PAGA claim and thus would have occurred under any circumstances. This discovery also would have occurred *in arbitration*, where the arbitrator may "order such discovery, by way of deposition, interrogatory, document production, or otherwise." *American Arbitration Association*, "Employment: Arbitration Rules and Mediation Procedures," at 19 (Nov. 1, 2009), https://www.adr.org/sites/default/files/Employment%20Rules.pdf; Keller Decl. Ex. D, at 23 (incorporating American Arbitration Association rules).

Because all of the discovery to date would be necessary in Court *or* in arbitration regardless of when the Court considered this motion, the discovery is in no way inconsistent with Michaels right to arbitrate. *See Guerrero*, 2018 WL 3615840, at *4

(relevant question is whether "parties have already conducted significant discovery that would be *unavailable in an arbitration*") (emphasis added); *Irwin v. UBS Painwebber, Inc.*, 324 F. Supp. 2d 1103, 1110 (C.D. Cal. 2004) (citing *Saint Agnes Med. Ctr.*, 31 Cal. 4th at 1196) ("[O]ne of the ways in which a party may act inconsistent with the right to arbitrate is by taking advantage of judicial discovery procedures *not available in arbitration*.") (emphasis added).

In arguing to the contrary, Armstrong relies almost entirely on *Martin*, but her reliance is misplaced—and not just because of the distinguishing facts that she acknowledges: "that there was a deposition in *Martin* and the fact that Michaels first mentioned arbitration earlier than the *Martin* defendant did." *See* Opp. at 6-7. In addition, in *Martin*, the defendants filed a motion to dismiss based on a key merits issue, which by itself could satisfy the "inconsistent act" requirement. *Martin*, 829 F.3d at 1125 ("[S]eeking a decision on the merits of an issue may satisfy [the second] element."). That action—along with the fact that the defendants spent seventeen months litigating the case, represented during a scheduling conference that they would be "better off" in federal court, and devoted "considerable time and effort" to a stipulation structuring the litigation—easily satisfied this requirement. *Id.* at 1125-26. By contrast, Michaels has consistently asserted its rights under the arbitration agreement, and its only substantive actions in Court—serving limited discovery—would have been proper regardless of when the Court decided the arbitration issue. Unlike the *Martin* defendants, therefore, Michaels has not "taken advantage" of the court's processes.

Unable to point to any litigation conduct that could be deemed an "inconsistent act," Armstrong is left arguing about delay. This argument falls far short of carrying her "heavy burden." As explained, Michaels preserved its arbitration defense from the outset of this case and promptly pursued it after the U.S. Supreme Court overturned Ninth Circuit law regarding the enforceability of arbitration agreements containing class action waivers. Mot. at 9-10. Armstrong does not dispute that Michaels promptly pursued its defense following the Supreme Court's decision. Any delay attributable to

7

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS
ALLEGATIONS, AND STAY CIVIL PROCEEDINGS         5:17-cv-06540-LHK (VKD)

the change in law cannot support a finding of waiver. *E.g.*, *Fisher*, 791 F.2d at 697 (party did not "act[] inconsistently with a known existing right" if "earlier motion to compel arbitration would have been futile" under the law).

Nor does it matter that Armstrong now contends that her agreement was enforceable before the Supreme Court's decision because it contains an "opt-out" provision. *See* Opp. at 5-6. Even if she is correct that Michaels mistakenly concluded that the agreement was previously unenforceable under Ninth Circuit law, that misunderstanding would not reflect a "conscious decision" to take advantage of the Court's processes. In any event, the purported delay, by itself, is not enough to satisfy the "inconsistent act" requirement. At most, the alleged delay is a little more than seven months: from November 10, 2017, when Michaels removed the case and, according to Armstrong, should have moved to compel, to June 2018, when Michaels began pursuing the arbitration defense following the Supreme Court decision. Courts routinely hold that, without more, similar delays do not demonstrate waiver. *See Guerrero*, 2018 WL 3615840, at *4 (no waiver despite ten-month delay in seeking arbitration); *Dominguez v. T-Mobile USA, Inc.*, 2017 WL 8220598, at *9 (C.D. Cal. Jan. 18, 2017) (no waiver where party moved to compel arbitration after eight months); *Palmer v. Omni Hotel Mgmt. Corp.*, 2016 WL 816017, at *2 (S.D. Cal. Mar. 1, 2016) (no waiver where party moved to compel arbitration nine months after lawsuit filed); *Blau*, 2012 WL 566565, at *3 (no waiver where defendants moved to compel arbitration more than one year after lawsuit filed); *Gloster v. Sonic Auto., Inc.*, 226 Cal. App. 4th 438, 442, 449 (2014) (one-year "delay alone was not sufficient to support a finding of waiver").

Armstrong has no response to this authority. She cited no cases finding waiver based on a similar delay. Nor has she explained how this brief delay can reflect a "conscious decision" by Michaels to litigate in Court when, all the while, it preserved its arbitration position and refrained from any discovery that would be unavailable in arbitration. *See Guerrero*, 2018 WL 3615840, at *4 (ten-month delay in did not justify

8

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY CIVIL PROCEEDINGS   5:17-cv-06540-LHK (VKD)

waiver where defendant "made it clear several times – in its motion papers, answer, and in the joint scheduling report . . . that it believes it has a right to compel arbitration").

In short, Armstrong has identified no acts by Michaels that could be deemed "inconsistent" with its right to arbitrate and no law finding a waiver in similar circumstances. Her failure of proof regarding this requirement dooms her argument.

### b. Armstrong Has Not Shown Prejudice.

Even if Armstrong could demonstrate "inconsistent acts"—and she cannot—her waiver argument still would fail because she has not come close to establishing the requisite prejudice. *See Martin*, 829 F.3d at 1124, 26; *Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) ("More is required than action inconsistent with an arbitration provision; prejudice to the party opposing arbitration must also be shown."), *overruled on other grounds by Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632-35 (1985).

Delay, by itself, does not suffice. Rather, the party arguing waiver must show that delay in moving to compel arbitration caused her "to incur costs [she] would not otherwise have incurred," that she would be "forced to relitigate an issue on the merits on which [she] [] ha[s] already prevailed in court," or that the defendant received "an advantage from litigating in federal court that [it] would not have received in arbitration." *Martin*, 829 F.3d at 1126-27 (citations omitted).

Armstrong's showing falls far short of this standard. Armstrong does not (and cannot) contend that she incurred any avoidable costs or litigated any merits issues that should be decided by the arbitrator. Rather, her sole argument for prejudice is that she has answered *three* interrogatories and produced *28 pages* of documents. *See* Opp. at 7-8. This showing is woefully insufficient.

Armstrong cites no authority to support her assertion that answering such minimal discovery can constitute prejudice. In fact, courts consistently hold the opposite: "Unsurprisingly, courts are reluctant to find prejudice . . . simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery)

9

before moving to compel arbitration." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005); *see, e.g., Guerrero*, 2018 WL 3615840, at *4 (rejecting argument that prejudice existed because "parties have already conducted significant discovery that would be unavailable in an arbitration"); *In re TFT-LCD (Flat Panel) (Antitrust Litigation)*, 2011 WL 2650689, at *8 (N.D. Cal. July 6, 2011) (no waiver even though some discovery "might not have taken place or would have been less extensive had an arbitral proceeding been initiated sooner").

      Moreover, Armstrong has not even tried to explain why answering this limited discovery amounted to "prejudice" under the law. Again, engaging in discovery constitutes prejudice only if it results in "an advantage from litigating in federal court that [it] would not have received in arbitration." *Martin*, 829 F.3d at 1126. The limited information and documents that Michaels has obtained conferred no advantage that it "would not have received in arbitration" because this discovery would have occurred under any circumstances. First, all of the discovery is equally relevant to the PAGA claim, which will remain in Court. Second, as shown above, this discovery also is available to Michaels in arbitration. Because the discovery would have occurred regardless of when the Court considered the arbitration issue, Michaels obtained no unfair advantage by pursuing it. *See, e.g.*, *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1075 (9th Cir. 2013) (finding no prejudice where plaintiff did not contend that defendant "used discovery to gain information about the other side's case that could not have been gained in arbitration") (internal quotations omitted); *Guerrero*, 2018 WL 3615840, at *4 (recognizing as relevant to waiver whether "parties have already conducted significant discovery that would be unavailable in an arbitration"); *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1132 (C.D. Cal. 2011) (holding no prejudice because defendant has not "unfairly gained information it could not have gained in arbitration"); *Hoover*, 206 Cal. App. 4th at 1205 (prejudice exists only if moving party "proceeds with extensive discovery that is unavailable in arbitration proceedings").

Because Armstrong has not even tried to show that the limited discovery—her only basis for claiming prejudice—resulted in Michaels obtaining "an advantage from litigating in federal court that [it] would not have received in arbitration" (*Martin*, 829 F.3d at 1126), she has not established the requisite prejudice.  For this reason, too, she failed to carry her "heavy burden" of proving waiver.

### 2. Armstrong Cannot Prove "Forfeiture."

Armstrong next contends that Michaels "forfeited" its right to arbitrate because it did not "demand" arbitration in accordance with the agreement, which states that a "Request" for arbitration should be made "as soon as possible after the event, or events in dispute, so that arbitration may take place quickly."  Opp. at 8.  This argument misconstrues the agreement in several respects.

In requiring that a party "demand" arbitration promptly, the agreement clearly is referring to the party who seeks to pursue a claim in arbitration—not to the respondent.  Indeed, Armstrong's own authority recognizes this distinction.  *See Platt Pacific, Inc. v. Andelson*, 6 Cal. 4th 307, 320 (1993) ("Because defendants were not seeking to invoke arbitration, they had no duty to demand arbitration within the specified time.").  The provision at issue here—which is entitled, "How do I Start Arbitration"—explains that, "[t]o start the arbitration process, the party making a demand for arbitration must send a written Request for Arbitration to the other party."  Keller Decl. ¶ 11, Ex. D at 22.  Of course, only the party who is interested in pursuing a claim should be obliged to "start the arbitration process."  It would defy reason to insist that the respondent is responsible for expeditiously initiating arbitration, given that the respondent is not "demanding" arbitration at all.  In fact, in most cases, the respondent is unaware of the matter until the claimant makes the demand.  Simply put, Michaels cannot be faulted for not "demanding" arbitration soon enough when it is not asserting any claims.[2]

---

[2] Not surprisingly, the two cases that Armstrong cites involved *claimants* who demanded arbitration.  *Platt Pacific Inc.*, 6 Cal. 4th at 312; *Jordan v. Friedman*, 72 Cal. App. 2d 726, 727 (1946).

11

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS
ALLEGATIONS, AND STAY CIVIL PROCEEDINGS        5:17-cv-06540-LHK (VKD)

Armstrong's interpretation is all the more strained where, as here, the claimant has—contrary to the agreement—filed a lawsuit asserting the arbitrable claims. In this circumstance, the claims will proceed in court unless Michaels moves the Court to compel arbitration. As a result, "demanding" arbitration by sending a written notice would be a futile act. The Court cannot conclude that Michaels "forfeited" its right because it did not take a ministerial act—mailing a "written Request for Arbitration"—that would have had no effect whatsoever. Finding forfeiture here simply could not be squared with the "strong federal policy favoring arbitration." *Chiron*, 207 F.3d at 1128.

Finally, even if the provision could be read as requiring the respondent to "start" the arbitration, Armstrong's position still would be untenable. While the agreement states that parties "*should* make their Request as soon as possible," it also makes clear that they "*must* make a demand before the deadline (statute of limitation) for the claim has passed." Keller Decl. ¶ 11, Ex. D at 22 (emphasis added). Therefore, while parties are encouraged to demand arbitration promptly, they "must" do so only within the relevant limitations period. Because the statute of limitations sets the outer limit for demanding arbitration, the effect of demanding arbitration later than "as soon as possible" cannot be forfeiture. Indeed, interpreting the agreement as requiring forfeiture in the event of a delayed but legally timely demand would nullify the agreement's express adoption of the relevant limitations period. The Court cannot interpret the agreement in a way that nullifies its express terms. *See generally Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126 (2008) (citing Cal. Civ. Code §§ 1636, 1638-39) (courts must interpret a contract to "give effect to the mutual intention of the parties," as can be ascertained from the express terms of the contract).

For all these reasons, Armstrong cannot show, as she must, that Michaels "forfeited" its right to insist that she abide by the agreement.

///

///

///

12

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY CIVIL PROCEEDINGS    5:17-cv-06540-LHK (VKD)

## III. **CONCLUSION**

For the reasons set forth above and in Michaels initial brief, Michaels respectfully requests that the Court compel arbitration for the purpose of deciding Armstrong's challenges to the enforceability of the parties' agreement to arbitrate.  In the alternative, if the Court reaches Armstrong's arguments, it should reject them and compel arbitration of the non-PAGA claims on an individual basis and stay the PAGA claim pending resolution of the arbitration.

Dated:  September 11, 2018              AKIN GUMP STRAUSS HAUER & FELD LLP


By   s/ *Gregory W. Knopp*
           Gregory K. Knopp
         Attorneys for Defendant
          Michaels Stores, Inc.

13

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY CIVIL PROCEEDINGS      5:17-cv-06540-LHK (VKD)