UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA ARMSTRONG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES, INC.,<br><br>Defendant. | Case No.17-cv-06540-LHK (VKD)<br><br>**ORDER RE PLAINTIFF'S UNILATERAL DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 44, 45 |

Plaintiff Teresa Armstrong sues, for herself and on behalf of a putative class, for alleged wage and hour violations under various provisions of the California Labor Code. Defendant Michaels Stores, Inc. ("Michaels Stores") removed the action from state court, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Now before this Court are two unilateral discovery letter briefs filed by Ms. Armstrong in which she seeks an order compelling Michaels Stores to produce documents and supplement its discovery responses. For the reasons to be discussed, these letters are untimely and do not properly brief the matters in dispute.

On February 14, 2018, Judge Koh, who presides over this matter, issued a scheduling order setting case management deadlines, including an October 8, 2018 deadline for Ms. Armstrong to file her motion for class certification. Dkt. No. 22. On February 23, 2018, Ms. Armstrong served interrogatories, requests for admission, and requests for production, to which Michaels Stores did not respond until June 5, 2018. Dkt. Nos. 44, 45. The docket indicates that in subsequently filed Joint Case Management Statements, one or both sides sought extensions or stays of the court-ordered class certification briefing deadlines, due in part to disputes over Michaels Stores'

discovery responses.[1] Dkt. Nos. 31, 36. In denying those requests, Judge Koh repeatedly reminded the parties to be diligent in resolving their discovery disputes and in bringing any unresolved matters to this Court. Dkt. Nos. 32, 39.

On October 4 and 5, 2018, Ms. Armstrong filed the present unilateral discovery letter briefs concerning disputes over numerous items of discovery that she says she needs to prepare her motion for class certification, which as discussed above, is due in three days. Both letters concern Ms. Armstrong's February 23, 2018 written discovery requests, and the October 4 letter also makes a passing reference to Michaels Stores' reported failure to provide dates for its Fed. R. Civ. P. 30(b)(6) deposition.

The present discovery dispute was not brought in compliance with this Court's Standing Order for Civil Cases.[2] Ms. Armstrong's letters state that the parties' lead counsel conferred about the subject discovery disputes on July 27, 2018, but were unable to reach any compromise. Dkt. No. 44 at 2; Dkt. No. 45 at 2. Therefore, pursuant to this Court's Standing Order for Civil Cases, a joint discovery letter concerning any unresolved matters should have been filed no later than August 3, 2018. *See* Standing Order for Civil Cases, Section 4.c. Ms. Armstrong does not explain why she did not file the present discovery letters until over two months later on October 4 and 5, and only days before her class certification motion is due, or why the parties did not make the joint submission required by the Standing Order in early August.

Moreover, Ms. Armstrong does not clearly describe the disputed issues. As noted above, her letters were filed unilaterally, and the Court does not have the benefit of Michaels Stores' views on the matter.[3] The October 4 letter indicates that there are disputes concerning a number of plaintiff's interrogatories, requests for admission, and document requests. Most of the letter,

---

[1] The parties' Joint Case Management Statements indicate that the parties had disputes concerning Ms. Armstrong's written discovery requests served on April 19, 2018. Dkt. Nos. 31, 36. It is unclear whether those requests might be different than the February 23, 2018 requests which are now the subject of the present discovery letter briefs.

[2] https://cand.uscourts.gov/filelibrary/3438/Standing-Order-for-Civil-Cases-August-23-2018.pdf

[3] Ms. Armstrong's letters suggest that although Michaels Stores was given an opportunity to provide its portion of the letter briefs, Michaels Stores chose not to do so.

2

however, is devoted to a discussion of Ms. Armstrong's document requests and indicates that although Michaels Stores reportedly agreed to provide certain documents, its production remains incomplete. Notwithstanding that this discovery letter was filed late on the afternoon of October 4, Ms. Armstrong requested an order directing Michaels Stores to produce all documents by October 4.

As for the interrogatories and requests for admission that are at issue, the October 4 letter does not clearly identify what the disputed issues are. This Court will not comb through the appended discovery requests and responses and guess what those issues might be. The October 4 letter simply states that "all other discovery outlined in the statement of dispute is clearly discoverable" and asks for an order compelling Michaels Stores to supplement its responses by October 4. Dkt. No. 44 at 4.

Further demonstrating that the present discovery issues were not properly raised, Ms. Armstrong's October 5 discovery letter brief withdraws certain issues, including Michaels Stores' Rule 30(b)(6) deposition, that apparently were resolved sometime after the October 4 letter was filed. The October 5 letter does not further elucidate the issues Ms. Armstrong alludes to in the October 4 letter, but now asks that the Court compel Michaels Stores to complete its document production and serve supplemental discovery responses by October 8.

On this record, this Court can only conclude that Ms. Armstrong has not been diligent in conducting this discovery or in bringing disputes to this Court's attention. For the reasons discussed, she has not timely or properly presented the issues in a manner that would allow this Court to reasonably rule on the merits of the dispute. And given her last minute filings, this Court cannot accommodate Ms. Armstrong's request for a hearing before her October 8 filing deadline. Nevertheless, to the extent Michaels Stores agreed to produce certain documents referenced in Ms. Armstrong's letters, it shall complete that production by October 8. The Court otherwise declines to rule on all other issues referenced by Ms. Armstrong that have not been clearly or properly

raised or briefed in her letters.

**IT IS SO ORDERED.**

Dated: October 5, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge